IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT VANDERPLOEG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-2298 |
| | § | |
| | § | |
| VETUS INVESTMENTS LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

In this suit under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.*, Robert Vanderploeg has moved to strike the answer filed by Vetus Investments, LLC. (Docket Entry No. 10). Vanderploeg asserts that Vetus's answer "was not prepared or filed by an attorney." (*Id.* at #4). Instead, "an unknown individual who signed on behalf of Vetus" filed it. (*Id.* at #2). Based on Fifth Circuit precedent holding that corporations, including limited liability companies such as Vetus, can be represented only by licensed counsel, (*Id.* at #5–6), Vanderploeg urges the court to strike the answer. Vetus has not responded to Vanderploeg's motion, but it did file an amended answer.

Rule 12(f) of the Federal Rules of Civil Procedure provides:

> (f) **Motion to Strike.** The court may strike from a pleading an insufficient defense or any redundant, immaterial, or scandalous matter.

Fed. R. Civ. P. 12(f). The decision to grant a motion to strike is within the court's discretion. *Jacobs v. Tapscott*, 2004 WL 2921806, at *2 (N.D. Tex. Dec.16, 2004), *aff'd on other grounds*, 277 Fed. Appx. 483 (5th Cir. 2008).

Vetus's original answer contains a signature, but it provides no other identifying information about the person signing, including any evidence that the individual who filed is an attorney. (Docket Entry No. 7). Vanderploeg's complaint and motion identify Vetus as "a Texas limited liability company." (Docket Entry Nos. 1, 10). Vetus's answer—filed in the form of a letter, without captions or usual pleading formatting—consistently identifies Vetus as an "LLC." (Docket Entry No. 7). Limited liability companies must follow the rule for corporations appearing in federal courts. *See Winkle v JSCP, LLC*, No. H-17-1986, 2018 WL 3756963, at *2 (S.D. Tex. Aug. 8, 2018). A corporation is not a natural person and may appear in federal court only if represented by counsel. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in federal courts only through licensed counsel."); *K.M.A., Inc. v. General Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. 1982).

While Vetus did not respond to Vanderploeg's motion to strike, it did file an amended answer on September 12. (Docket Entry No. 11). A defendant may amend without leave of the court within 21 days of answering the complaint. *See* Fed. R. Civ. P. 15(a)(1)(A). After the time for amending as of right ends, a party must get the court's permission or the adverse party's consent to amend its pleading. *See* Fed. R. Civ. P. 15(a)(2). Courts "should freely give leave when justice so requires." *Id.* Because answers are not pleadings to which responsive pleadings are required, *see* Fed. R. Civ. P. 7(a)(7), defendants may not amend answers as a matter of right under Rule 15(a)(1)(B).

Vetus filed its answer on August 13, (Docket Entry No. 7), and its amended answer on September 12, exceeding the 21-day period for amending without requesting the court's leave or the

other party's consent. (*See* Docket Entry No. 11). "When an act may or must be done within a specified time, the court may, for good cause, extend the time," but only on motion if "the time has expired" showing that the "party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Vetus has not moved for leave or shown good cause. It has failed to explain the original answer or respond to the motion to strike. The fact that Vetus's amended answer was filed and signed by an attorney is not sufficient. *U.S. ex re. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003) ("[F]ailing to request leave from the court when leave is required makes a pleading more than technically deficient. The failure to obtain leave results in [a pleading] having no legal effect.").

Because the original answer was not filed by an attorney and the amended answer does not supersede the original answer because it was not filed with leave, Vanderploeg's motion to strike Vetus's answer is granted. (Docket Entry No. 10). Vetus may move for leave to file a compliant answer, showing good cause, no later than September 28, 2018. Failure to do so will lead to entry of default.

SIGNED on September 19, 2018, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge